# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DEBRA RENA GRACIANI,<br><br>    Plaintiff,<br><br>  v.<br><br>PROVIDENCE HEALTH & SERVICES, KELLI RINAS, JAMES EFIRD, BRENDA FRANZ, and JAMES BLANKENSHIP,<br><br>    Defendants. | Case No. 3:18-cv-00087-SLG |

## ORDER RE MOTIONS TO AMEND COMPLAINT

Before the Court at Docket 61 is Plaintiff Debra Rena Graciani's Motion to Amend Complaint. Defendants Providence Health & Services ("Providence"), Kelli Rinas, James Efird, Brenda Franz, and James Blankenship's ("individual Defendants"; collectively, "Defendants") filed a response in opposition at Docket 71.[1] Ms. Graciani filed a reply at Docket 77.

Also before the Court at Docket 78 is Ms. Graciani's Motion to Permit Amendment of Complaint After Expiration of Deadline to Amend. Defendants filed a response in opposition at Docket 83. Ms. Graciani filed a reply at Docket 85.

---

[1] The parties disagree as to the legal name of the institutional Defendant. *Compare* Docket 83 at 2 n.2, *with* Docket 85 at 2 (citing Docket 85-1 (State Gov. Documents); Docket 85-2 (Signed Employment Offer); Docket 85-3 (Employment Letter)). For the purposes of this order, the Court will refer to the institutional Defendant as Providence Health and Services, unless and until an order amending the case caption is issued.

Oral argument was not requested for either of these motions and was not necessary to the Court's determinations. However, on May 6, 2019, at an oral argument on other motions then pending, the instant motion at Docket 61 was also discussed.[2]

**BACKGROUND**

On March 23, 2018, Ms. Graciani filed her Complaint in this Court, which alleges six claims.[3] Providence is the only named defendant in Claims I–IV. Claims I–III allege violations of Title VII of the Civil Rights Act of 1964[4]; Claim IV alleges a deprivation of equal rights under Section 1981.[5] Claim V alleges a conspiracy by the four individual Defendants to interfere with civil rights under Section 1985(3).[6] Claim VI seeks punitive damages.[7]

On August 1, 2018, the Court issued its scheduling and planning order, which provided that motions to amend pleadings "shall be served and filed not later

---

[2] Docket 74 (Minute Entry).

[3] Docket 1.

[4] Claim I alleges "disparate treatment in hiring and promotion, compensation and terms, conditions and privileges of employment." Docket 1 at 12, ¶¶ 69–70 (emphasis omitted); 42 U.S.C. § 2000e-2(a)(1). Claim II alleges "disparate treatment in segregation." Docket 1 at 13, ¶¶ 71–72 (emphasis omitted); 42 U.S.C. § 2000e-2(a)(2). Claim III alleges retaliation. Docket 1 at 13, ¶¶ 73–74; 42 U.S.C. § 2000e-3(a).

[5] Docket 1 at 13–14, ¶¶ 75–76; 42 U.S.C. § 1981.

[6] Docket 1 at 14–15, ¶¶ 77–80; 42 U.S.C. § 1985(3).

[7] Docket 1 at 15, ¶¶ 81–82.

Case No. 3:18-cv-00087-SLG, *Graciani v. Providence Health & Services, et al.*
Order re Motions to Amend Complaint
Page 2 of 10

than **30 days after deadline for initial disclosures**."[8] The deadline for initial disclosures was August 29, 2018.[9] Therefore, the deadline to amend was September 28, 2018. No motion to amend the Complaint was filed by that date.

On October 9, 2018, Providence and the individual Defendants filed a Motion to Dismiss Claim V of Plaintiff's Complaint.[10] On October 29, 2018, Ms. Graciani filed her opposition to that motion.[11] On November 13, 2018, Defendants filed their reply.[12]

On April 8, 2019, the Court granted Defendants' Motion to Dismiss Claim V of Plaintiff's Complaint without prejudice and with leave to amend.[13] The Court held that Claim V is subject to a two-year statute of limitations and that Ms. Graciani's allegations as to Ms. Rinas and Mr. Efird fell outside that limitations period. The Court further held that Ms. Graciani had failed to show that Ms. Franz or Mr. Blankenship's alleged actions met the elements of a Section 1985(3) claim. As to Providence, the Court held that Ms. Graciani failed to state a Section 1985(3) claim because she had pleaded that Providence was merely the principal for which

---

[8] Docket 25 (Sched. and Planning Order) at 5 (emphasis in original).

[9] Docket 34 (Text Order); Docket 31 (Mot. for Ext.).

[10] Docket 42.

[11] Docket 46.

[12] Docket 47.

[13] Docket 54 (Order re Mot. to Dismiss Claim V); Docket 42 (Mot. to Dismiss Claim V).

Case No. 3:18-cv-00087-SLG, *Graciani v. Providence Health & Services, et al.*
Order re Motions to Amend Complaint
Page 3 of 10

the individual Defendants had acted as agents. Accordingly, the Court dismissed Claim V against all Defendants without prejudice and with leave to amend.[14]

On April 19, 2019, Ms. Graciani filed her first motion to amend pursuant to Federal Rule of Civil Procedure 15(a).[15] The proposed amended complaint attached to that motion sought to add numerous factual allegations, presumably in an effort to address the deficiencies of Claim V. But the proposed amended complaint attached to that motion also sought to amend Claim IV, the Section 1981 claim, to add the individual Defendants and also sought to amend Claim III, a Title VII claim.[16] At oral argument on May 6, 2019,[17] the Court expressed the view that Ms. Graciani's motion to amend was untimely insofar as it sought to amend Claims III and IV, and amendment of those claims must be sought through Rule 16(b), rather than pursuant to Rule 15(a).

Ms. Graciani did not withdraw her first motion to amend. Instead, on May 13, 2019, she filed a second motion, titled Motion to Permit Amendment of Complaint after Expiration of Deadline to Amend pursuant to Rule 16(b).[18] She attached the same proposed amended complaint that she had filed with the first

---

[14] Docket 54 at 13–14, 19–21.

[15] Docket 61.

[16] Docket 61-1 (Prop. Am. Compl. Pursuant to Fed. R. Civ. P. 15).

[17] Docket 74 (Minute Entry).

[18] Docket 78.

Case No. 3:18-cv-00087-SLG, *Graciani v. Providence Health & Services, et al.*
Order re Motions to Amend Complaint
Page 4 of 10

motion.[19] Ms. Graciani's motion pursuant to Rule 16(b) asserts that her counsel determined that Section 1981 had a four-year statute of limitations after conducting additional legal research following the issuance of the Court's order regarding Claim V at Docket 54.[20] On May 15, 2019, Ms. Graciani filed a Notice of Filing Related Case.[21]

## LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(1) requires a district court to enter a scheduling order governing the pretrial management of a case. After the order is entered, Rule 16(b)(4) provides that "[the] schedule may be modified only for good cause and with the judge's consent." "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an

---

[19] Docket 78-1 (Prop. Am. Compl. Pursuant to Fed. R. Civ. P. 16).

[20] Docket 78 at 4–6.

[21] Docket 79 (Not. of Filing Related Case). The related Complaint brings only Section 1981 and punitive damages claims, but makes similar factual allegations to those alleged in this case. *Cf. Graciani v. Providence, et al.*, 3:19-cv-00137-SLG (Docket 1). *But see Diamond v. City of Los Angeles*, No. CV 15-7064 JAK (AJW), 2016 WL 3180226, at *3 (C.D. Cal. May 10, 2016) ("A district court generally has the discretion 'to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions.'") (quoting *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008)), *report and recommendation adopted*, 2016 WL 3176603 (C.D. Cal. June 6, 2016), *aff'd*, 700 F. App'x 727 (9th Cir. 2017).

Case No. 3:18-cv-00087-SLG, *Graciani v. Providence Health & Services, et al.*
Order re Motions to Amend Complaint
Page 5 of 10

amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."[22]

## DISCUSSION

### I. Plaintiff's Motion to Amend under Rule 15(a)

Ms. Graciani's motion at Docket 61 seeks to amend the Complaint pursuant to Rule 15(a). But the deadline for Ms. Graciani to amend under Rule 15(a) expired on September 28, 2018. Ms. Graciani's motion at Docket 61 was filed on April 19, 2019, more than six months later. Therefore, Ms. Graciani's motion to amend at Docket 61 will be denied.

### II. Plaintiff's Motion to Permit Amendment under Rule 16(b)

To the extent that Ms. Graciani seeks to amend her Complaint to provide additional factual allegations as to her Section 1985(3) claim in accordance with the parameters of the Court's order at Docket 54, that proposed amendment was expressly permitted by the Court's order. But the proposed amendments of Claim III and Claim IV were not permitted by the Court's order at Docket 54; they are untimely and will be considered in light of Rule 16(b)'s good cause standard.

Ms. Graciani recounts the briefing timeline as to Defendants' motion to dismiss Claim V, and she attempts to relitigate the merits of Claim V as originally

---

[22] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Case No. 3:18-cv-00087-SLG, *Graciani v. Providence Health & Services, et al.*
Order re Motions to Amend Complaint
Page 6 of 10

pled.[23]  Next, Ms. Graciani maintains that Section 1981 is subject to a four-year statute of limitations, and that her proposed Section 1981 claim against the individual Defendants falls within that statute of limitations.[24]  Ms. Graciani further maintains that Defendants would not be prejudiced by the addition of the individual Defendants to her Section 1981 claim,[25] and that substantial time remains before trial.[26]  As to her diligence in seeking to amend, Ms. Graciani states in her reply that "[f]ollowing the Court's Order on the Motion to Dismiss dated April 8, 2019, plaintiff was diligent in asserting an alternate theory for the individual [Defendants'] liability on April 19, 2019."[27]

Defendants respond that Ms. Graciani "obviously was aware of the [Section 1981] cause of action as she asserted the same against Providence.  Her proposed new claim against the Individual Defendants is not founded upon any newly discovered – or even newly pled – factual allegations."  As such, Defendants maintain, Ms. Graciani has failed to show good cause for her delay in seeking to amend.[28]

---

[23] Docket 78 at 2–4.

[24] Docket 78 at 5–6.

[25] Docket 78 at 7.

[26] Docket 85 at 4.

[27] Docket 85 at 5.

[28] Docket 83 at 5–6.

Case No. 3:18-cv-00087-SLG, *Graciani v. Providence Health & Services, et al.*
Order re Motions to Amend Complaint
Page 7 of 10

*a. Proposed Additional Factual Allegations Expressly Permitted by the Court's Order at Docket 54*

The Court's order at Docket 54 authorized Ms. Graciani to file an amended complaint with additional factual allegations regarding conspiracy under Section 1985(3). Ms. Graciani's motion at Docket 78 will be granted to the extent that her proposed amended complaint was permitted by the order at Docket 54. However, the Court expresses no opinion at this time as to the viability of Claim V as pled in the proposed amended complaint.

*b. Proposed Amendment of Claim III*

Ms. Graciani's proposed amended complaint includes one additional paragraph in support of Claim III, a Title VII claim. This paragraph refers to "the defendants," although the prior paragraph refers to "[t]he defendant Providence[.]"[29] From the briefing, it does not appear that Ms. Graciani is seeking damages from the individual Defendants under Claim III.[30] The Court will grant Ms. Graciani's motion as to Claim III—specifically, paragraph 75 of the proposed amended complaint—solely to the extent that she seeks to attribute to Providence the acts of the individual Defendants.

---

[29] Docket 78-1 (Prop. Am. Compl. Pursuant to Fed. R. Civ. P. 16) at 18–19, ¶¶ 74–75.

[30] The Ninth Circuit has held that "individual defendants cannot be held liable for damages under Title VII[.]" *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993).

Case No. 3:18-cv-00087-SLG, *Graciani v. Providence Health & Services, et al.*
Order re Motions to Amend Complaint
Page 8 of 10

*c. Proposed Amendment of Claim IV*

As to Ms. Graciani's proposed amendment of Claim IV, to add the individual Defendants to the Section 1981 claim, her counsel was not the model of diligence in seeking this amendment.[31] However, Section 1981 has a broad remedial purpose,[32] and Ms. Graciani proposes to amend her claim within what she asserts to be the applicable limitations period for such claims.[33] And, given that the close of discovery has been extended, any prejudice has been mitigated. Based on the foregoing, the Court will find that good cause exists to permit Ms. Graciani to amend her Section 1981 claim so as to add the individual Defendants, and will grant her motion as to that claim.

---

[31] It was and is incumbent on Ms. Graciani's counsel, not on the Court or on opposing counsel, to identify the claims available to her. *Cf. Estate of Blue v. Cty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997) (noting that "[w]hen a reasonable investigation [by plaintiff's counsel] would reveal that a claim is barred by res judicata or collateral estoppel, . . . Rule 11 sanctions may be imposed within the district court's discretion").

[32] *See Gratz v. Bollinger*, 539 U.S. 244, 276 n.23 (2003) ("[Section 1981] was 'meant, by its broad terms, to proscribe discrimination in the making or enforcement of contracts against, or in favor of, any race.'") (quoting *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 295–296 (1976)); *Flores v. City of Westminster*, 873 F.3d 739, 753 n.6 (9th Cir. 2017) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 711 (1989); *Bell v. Clackamas County*, 341 F.3d 858, 867 (9th Cir. 2003); *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000)) ("Numerous cases, including our own, have allowed individual liability under section 1981."), *cert. denied sub nom. Hall v. Flores*, 138 S. Ct. 1551 (2018).

[33] *See* Docket 78 at 4–6 (citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371–73, 383 (2004)).

Case No. 3:18-cv-00087-SLG, *Graciani v. Providence Health & Services, et al.*
Order re Motions to Amend Complaint
Page 9 of 10

# CONCLUSION

In light of the foregoing, IT IS ORDERED that:

Ms. Graciani's Motion to Amend Complaint at Docket 61 is DENIED.

Ms. Graciani's Motion to Permit Amendment of Complaint After Expiration of Deadline to Amend at Docket 78 is GRANTED.[34]

Plaintiff shall immediately file an original, previously undocketed version of the Amended Complaint & Demand for Jury Trial (Docket 78-1) for separate docketing.[35] Defendants' answer or other response to the amended complaint shall be filed within 14 days thereafter.[36]

DATED this 19th day of July, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[34] In granting leave to amend, the Court expresses no opinion as to the legal viability of Claim V, or any of the other claims pled in the proposed amended complaint.

[35] *See* Local Civil Rule 15.1(b) (D. Alaska 2018) ("Unless otherwise ordered, the moving party must file a complete, clean copy of the amended pleading, including exhibits, within 7 days of the order granting the motion.").

[36] *See* Fed. R. Civ. P. 15(a)(3).

Case No. 3:18-cv-00087-SLG, *Graciani v. Providence Health & Services, et al.*
Order re Motions to Amend Complaint
Page 10 of 10