IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DEBRA RENA GRACIANI,<br><br>        Plaintiff,<br><br>vs.<br><br>PROVIDENCE HEALTH & SERVICES, KELLI RINAS, JAMES EFIRD, BRENDA FRANZ, JAMES BLANKENSHIP,<br><br>        Defendant. | Case No. 3:18-cv-00087-JMK<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT COMPLAINT** |

Pending before the Court at Docket 363 is Plaintiff Debra Rena Graciani's Motion to Supplement Complaint (the "Motion"). Defendants, Providence Health & Services, Kelli Rina, James Efird, Brenda Franz, and James Blankenship, filed an opposition at Docket 370. Plaintiff replied at Docket 375. For the following reasons, Plaintiff's Motion is DENIED.

## I. BACKGROUND

This case has a lengthy procedural history. Accordingly, only the filings that are relevant to the present Motion are discussed herein. Plaintiff filed her original

Complaint on March 23, 2018.[1] Defendants then moved to dismiss Count V of the Complaint.[2] The Court granted Defendants' motion to dismiss without prejudice and with leave to amend.[3] Plaintiff then moved to amend her Complaint.[4] At oral argument, the Court expressed the view that Plaintiff's motion to amend was untimely to the extent it sought to amend Claims III and IV, and amendment of those claims must be sought through Rule 16(b), rather than through Rule 15(a).[5] Plaintiff then filed a second motion to amend.[6] The Court granted Plaintiff's second request to amend and Plaintiff filed her Amended Complaint on July 22, 2019.[7]

On November 26, 2019, Plaintiff moved to amend her Complaint for the third time.[8] This time, Plaintiff sought to amend her Complaint to add Vicky Phillips as a defendant.[9] Plaintiff stated that she previously was unaware of the extent of Ms. Phillips' involvement in her allegations of discrimination.[10] The Court denied Plaintiff's motion, finding that Plaintiff had not demonstrated diligence in timely uncovering Ms. Phillips' role in the alleged conspiracy.[11] On October 23, 2020, Plaintiff sought to amend her Complaint for the fourth time.[12] In this motion, Plaintiff again sought to add Ms. Phillips

---

[1] Docket 1.
[2] Docket 42.
[3] Docket 54.
[4] Docket 61.
[5] Docket 90 at 4.
[6] Docket 78.
[7] Docket 90 at 10; Docket 91.
[8] Docket 99.
[9] *Id.*
[10] *Id.* at 1–2.
[11] Docket 113 at 8–9.
[12] Docket 185.

*Graciani v. Providence Health & Services et al*  Case No. 3:18-cv-00087-JMK
Order Denying Plaintiff's Motion to Supplement Complaint  Page 2
Case 3:18-cv-00087-JMK   Document 376   Filed 11/07/22   Page 2 of 11

as a defendant, essentially asking the Court to reconsider its previous denial of this same request.[13] Plaintiff also sought to add Deborah Hansen as a defendant, "in recognition of her recently revealed role in working with the individual parties to deprive Ms. Graciani of her civil rights."[14] The Court denied Plaintiff's fourth motion to amend, citing Plaintiff's lack of diligence in seeking this most recent amendment.[15]

On September 1, 2022, Plaintiff filed the present Motion to Supplement Complaint.[16] Plaintiff's request is familiar to the Court, although this time it involves a different procedure. Plaintiff seeks to supplement her Complaint pursuant to Federal Rule of Civil Procedure 15(d).[17] Plaintiff seeks to add three new defendants through her Supplemental Complaint: Vicky Phillips, Deborah Hansen, and Joan Tracy.[18] Plaintiff asserts that this Supplement "specifies the additional harms that befell Ms. Graciani following her most recent amended complaint," specifically, "[b]ased on the activities of the named defendants, the Department of Commerce, Community and Economic Development, Divisions of Corporations, Business and Professional Licensing . . . brought action against Ms. Graciani on January 7, 2020."[19] This action resulted in Ms. Graciani losing her nursing license on August 4, 2022.[20] The recent loss of her license is the post-

---

[13] *Id.* at 2–4.
[14] *Id.* at 1.
[15] Docket 203 at 6–7.
[16] Docket 363.
[17] *Id.*
[18] Docket 363-3 at 1.
[19] Docket 363 at 2.
[20] *Id.* at 2–3.

*Graciani v. Providence Health & Services et al*　　　　　　　　　　　　　　　　Case No. 3:18-cv-00087-JMK
Order Denying Plaintiff's Motion to Supplement Complaint　　　　　　　　　　　　　　　　Page 3

Case 3:18-cv-00087-JMK   Document 376   Filed 11/07/22   Page 3 of 11

Amended Complaint event that Plaintiff claims justifies allowing her a Supplemental Complaint.[21]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(d) provides, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The new events alleged in a supplemental complaint need not arise out of the same transaction as the original action; however, there must be some relationship between the two.[22] Rule 15(d) "is a tool of judicial economy and convenience" and, as such, district courts have broad discretion in allowing supplemental pleadings.[23]

Motions under Rule 15(d) are evaluated under the same standard as those made under Rule 15(a), which governs amendments of the pleadings.[24] Courts consider the following factors when assessing the propriety of granting leave to amend pursuant to Rule 15(a): (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff previously has amended the complaint.[25] However, if a party seeks to amend a pleading after the deadline in the Court's scheduling

---

[21] *Id.* at 3.
[22] *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988).
[23] *Id.* at 473.
[24] *See, e.g.*, *Cole v. Educ. Credit Mgmt. Corp.*, No. ED CV 17-00974-JFW (SP), 2017 WL 8116538, at *1 (C.D. Cal. Oct. 13, 2017); *Lyon v. United States Immigr. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015).
[25] *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

*Graciani v. Providence Health & Services et al*  Case No. 3:18-cv-00087-JMK
Order Denying Plaintiff's Motion to Supplement Complaint  Page 4
Case 3:18-cv-00087-JMK   Document 376   Filed 11/07/22   Page 4 of 11

order has expired, the party's motion is evaluated under Rule 16(b) instead of Rule 15(a).[26] Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."[27] If the party seeking amendment was not diligent, "the inquiry should end."[28]

There is a split of authority on the issue of whether a party seeking to file a supplemental complaint under Rule 15(d) must satisfy Rule 16(b)'s good cause standard when the motion to supplement is made after the deadline for amendments to the pleadings contained in the scheduling order.[29] The majority approach requires the moving party to make a showing of good cause before seeking to supplement the pleadings under Rule 15.[30] This Court will follow this majority approach and first will analyze Plaintiff's Motion under the Rule 16(b) standard.

### III. DISCUSSION

#### A. Rule 16(b) Good Cause Standard

The Court entered a Scheduling and Planning Order in this case on August 1, 2018, setting the deadline for motions to amend pleadings, including motions to add

---

[26] *DRK Photo v. McGraw-Hill Glob. Educ. Holdings*, LLC, 870 F.3d 978, 989 (9th Cir. 2017).
[27] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).
[28] *Id.*
[29] *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 639 (D. Nev. 2021) (collecting cases).
[30] *Id.* at 640; *see also DW Aina Le'a Dev., LLC v. Hawaii,* No. CIVIL NO 17-00113 SOM-WRP, 2022 WL 1665311, at *18 (D. Haw. May 25, 2022); *Jackson v. Calone,* No. 2:16-cv-00891-TLN-KJN, 2019 WL 4747811, at *3 (E.D. Cal. Sept. 30, 2019).

*Graciani v. Providence Health & Services et al*  Case No. 3:18-cv-00087-JMK
Order Denying Plaintiff's Motion to Supplement Complaint  Page 5
Case 3:18-cv-00087-JMK   Document 376   Filed 11/07/22   Page 5 of 11

parties, as "not later than 30 days after the deadline for initial disclosures."[31] This deadline long since has passed. As such, Plaintiff must demonstrate good cause to modify this deadline before the Court will consider whether the proposed supplement is proper under Rule 15.[32] As described further below, Plaintiff has failed to make the requisite showing of good cause. Plaintiff's requested Supplemental Complaint displays the same lack of diligence that this Court previously has warned Plaintiff about. Relatedly, Plaintiff's proposed Supplemental Complaint is indicative of a backdoor effort to contravene this Court's previous rulings.

In her proposed Supplemental Complaint, Plaintiff seeks to add two defendants that the Court previously has disallowed Plaintiff from adding through amended complaints.[33] As described above, Plaintiff originally sought to leave to amend her Complaint to add Vicky Phillips as a defendant on November 26, 2019.[34] The Court denied Plaintiff's Motion to Permit Second Amendment of Complaint because, although Plaintiff claimed she previously was unaware of Ms. Phillips' role in the alleged discrimination, the Court found that Plaintiff knew or should have known of Ms. Phillips' role ten months prior to her motion, and Plaintiff had not been diligent in seeking amendment.[35] Nearly a year later, on October 23, 2020, Plaintiff again tried to add Ms. Phillips as a defendant.[36]

---

[31] Docket 25 at 5.
[32] *Cole v. Educ. Credit Mgmt. Corp.*, No. ED CV 17-00974-JFW (SP), 2017 WL 8116538, at *1–2 (C.D. Cal. Oct. 13, 2017); *Murphy v. United States Forest Serv.*, No. 2:13-CV-02315-TLN-AC, 2016 WL 366434, at *4 (E.D. Cal. Feb. 1, 2016).
[33] *See* Docket 363; Docket 113; Docket 203.
[34] Docket 99.
[35] Docket 113 at 7–9.
[36] Docket 185.

*Graciani v. Providence Health & Services et al*  Case No. 3:18-cv-00087-JMK
Order Denying Plaintiff's Motion to Supplement Complaint  Page 6
Case 3:18-cv-00087-JMK   Document 376   Filed 11/07/22   Page 6 of 11

Plaintiff was not shy about the fact that she was seeking to relitigate the denial of her Motion to Permit Second Amendment of Complaint in her Motion to Permit Third Amendment of Complaint, stating, "Ms. Graciani submits her third amended complaint to include the proposed second amended complaint that was denied."[37] Plaintiff's proposed Third Amended Complaint also added Deborah Hansen as a defendant, asserting that, previous to the amendment deadline, Ms. Graciani did not know that Ms. Hansen had filed a complaint against her with the Board of Nursing ("BON").[38] Defendants opposed this request, indicating that Plaintiff's counsel was aware since 2017 that Ms. Hansen believed that Ms. Graciani's conduct violated the BON standards.[39] The Court again denied Plaintiff leave to amend, noting that "Plaintiff has established a history of seeking to amend based on facts that Plaintiff either knew or should have known well in advance."[40]

This history continues. Plaintiff's Motion to Supplement Complaint is another thinly disguised effort to relitigate issues that this Court previously has decided. Plaintiff's Motion overtly recycles the same arguments regarding Ms. Hansen's and Ms. Phillips' involvement as were advanced in her previous, unsuccessful Motion to Permit Third Amendment of Complaint.[41] Plaintiff therefore acknowledges that her Motion, as it relates to Ms. Hansen and Ms. Phillips, is effectively a two-years-overdue motion for reconsideration of this Court's Order denying her Motion to Permit Third

---

[37] *Id.* at 2.
[38] *Id.*
[39] Docket 199 at 2, 4–5.
[40] Docket 203 at 7.
[41] Docket 363 at 3 ("Ms. Hanson's [sic] and Ms. Phillip's [sic] roles in developing the discriminatory and retaliatory discipline and sending it to the Division are documented in Ms. Graciani's previous filings at dockets 185 and the referenced filings.").

*Graciani v. Providence Health & Services et al*     Case No. 3:18-cv-00087-JMK
Order Denying Plaintiff's Motion to Supplement Complaint     Page 7
Case 3:18-cv-00087-JMK    Document 376    Filed 11/07/22    Page 7 of 11

Amendment of Complaint. In that Order, the Court found that Plaintiff had not exhibited diligence in seeking to amend years after learning of Ms. Hansen's and Ms. Phillips' involvement in Plaintiff's allegations and, because those facts have not changed, and Plaintiff does not allege that either Ms. Hansen or Ms. Phillips took further action to discriminate against her in the intervening time period, the Court finds the same now.[42] Plaintiff's efforts to repackage her arguments to fit Rule 15(d), claiming that she has been newly harmed due to the recent culmination of the BON proceeding, which resulted in Plaintiff losing her nursing license, are unconvincing. The facts involving Ms. Hansen and Ms. Phillips—*i.e.*, that they communicated with the BON about Ms. Graciani—are exactly the same as they were when Plaintiff requested leave to file her Third Amended Complaint. Plaintiff has known of Ms. Hansen's and Ms. Phillips' roles regarding the BON proceeding for years. The fact that the BON proceeding recently resulted in an unfavorable decision for Plaintiff does not mean that Plaintiff's lack of diligence in asserting the facts surrounding Ms. Hansen's and Ms. Phillips' involvement suddenly can be excused. Nor does it provide the Court with a reason to revisit its prior rulings on this issue.

    Plaintiff has not previously sought to add Joan Tracy as a defendant. However, Plaintiff states that Ms. Tracy's "role was unknown [to her] until July 30, 2020."[43] Plaintiff filed her Motion to Permit Third Amendment of Complaint on October 23, 2020, *after* she had learned of Ms. Tracy's role, and yet that Motion contained

---

[42] Docket 203 at 6–7.
[43] Docket 363 at 3.

*Graciani v. Providence Health & Services et al*    Case No. 3:18-cv-00087-JMK
Order Denying Plaintiff's Motion to Supplement Complaint   Page 8
Case 3:18-cv-00087-JMK   Document 376   Filed 11/07/22   Page 8 of 11

no mention of Ms. Tracy and did not seek to add her as a defendant.[44] As described above, the repeated attempts to add parties whose roles in this lawsuit have been known to Plaintiff for years is indicative of a years-long lack of diligence on Plaintiff's part. Accordingly, pursuant to Rule 16(b), Plaintiff has failed to demonstrate diligence in supplementing her Complaint. As such, Plaintiff's Motion is DENIED.

**B.     Rule 15(a) Standard**

Even if the Court were to analyze Plaintiff's Motion under the more liberal Rule 15(a) standard, the Court would deny Plaintiff's Motion due to Plaintiff's undue delay, prior amendment, and prejudice to Defendants.[45] In addition, courts considering Rule 15(d) motions also assess "whether allowing leave to supplement would align with the goal of Rule 15(d), which is to promote judicial efficiency."[46]

This case has been pending for four years. As discussed above, Plaintiff's proposed Supplemental Complaint is predominately based on facts that were known to Plaintiff for years prior to the filing of the present Motion. Despite repeated attempts, Plaintiff has not adequately shown that she was diligent in alleging these facts.[47] The Court finds that allowing Plaintiff to rely on old facts to add three defendants at this point in this case would unduly and unnecessarily prolong an already-prolonged case.

---

[44] *See* Docket 185-1.
[45] Because the Court finds undue delay, prejudice to Defendants and prior amendment are sufficient reasons to deny Plaintiff leave to file a Supplemental Complaint, the Court does not address the parties' argument surrounding the purported futility of the supplement. The Court, however, expresses doubt regarding its authority to retract complaints made to an administrative body or to otherwise alter the licensing decisions of administrative bodies.
[46] *Lyon v. United States Immigr. & Customs Enf't,* 308 F.R.D. 203, 214 (N.D. Cal. 2015).
[47] *See Cunningham v. Performance SLC LLC,* No. SACV-1801093 AG (AGRx), 2019 WL 13032524, at *3 (C.D. Cal. Apr. 30, 2019).

*Graciani v. Providence Health & Services et al*　　　　　　　　　　　　　　　Case No. 3:18-cv-00087-JMK
Order Denying Plaintiff's Motion to Supplement Complaint　　　　　　　　　　　　Page 9
Case 3:18-cv-00087-JMK    Document 376    Filed 11/07/22    Page 9 of 11

Plaintiff already has amended her Complaint once, and has sought leave to amend her Complaint four times.[48] The previous failures to justify amending the complaint, and the fact that some of those failed arguments appear in the present Motion, is a strong indicator that the present Motion simply is another way of asking the same thing, and should be denied.

Further, Defendants will be prejudiced if the Court allows Plaintiff to file the Supplemental Complaint because Plaintiff's Motion comes years after discovery officially closed and Defendants assert that discovery would need to be reopened.[49] Although Plaintiff asserts that any additional discovery would be minimal, given the contentiousness of the discovery disputes in this case, the Court anticipates that adding three additional defendants at this late stage would invite significant discovery litigation.[50] Additionally, the deadline for dispositive motions has expired. Defendants' Motion for Summary Judgment, which was filed in January 2021 and took over a year to fully brief, now is ripe for a decision.[51] The potential to have to reopen the dispositive motion deadline or allow for further supplements to the summary judgment briefing, is significantly prejudicial to Defendants.

Finally, allowing Plaintiff to supplement her Complaint would not promote judicial efficiency. In the case of Vicky Phillips, her addition as a defendant to this

---

[48] Docket 61; Docket 78; Docket 91; Docket 99; Docket 185.
[49] Docket 370 at 15–17.
[50] Docket 375 at 5–6; see *Lockheed Martin Corp. v. Network Sols., Inc.,* 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."); see also *Solomon v. N. Am. Life & Cas. Ins. Co.,* 151 F.3d 1132, 1139 (9th Cir. 1998).
[51] *See* Docket 208.

*Graciani v. Providence Health & Services et al*   Case No. 3:18-cv-00087-JMK
Order Denying Plaintiff's Motion to Supplement Complaint   Page 10

Case 3:18-cv-00087-JMK   Document 376   Filed 11/07/22   Page 10 of 11

litigation has been thoroughly litigated three separate times. Allowing her and Ms. Hansen's addition at this stage would seem to reward Plaintiff for advancing the same failed arguments under different motion titles.

## IV. CONCLUSION

Given all the above, Plaintiff's Motion to Supplement her Complaint is DENIED. Defendants' request for Rule 11 sanctions in the form of fees and costs associated with defending Plaintiff's Motion also is DENIED.[52] At this stage, the Court exercises its discretion and declines to impose sanctions.[53] However, the Court may consider sanctions in the future if Plaintiff continues to attempt to re-litigate the arguments contained in the present Motion.

IT IS SO ORDERED this 7th day of November, 2022, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
United States District Judge

---

[52] Docket 370 at 17; Fed. R. Civ. P. 11(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).")

[53] *Herbert v. Wilhite-Thomas,* Case No. 17-cv-05788-LB, 2017 WL 10841482, at *2 (N.D. Cal. Dec. 21, 2017).

*Graciani v. Providence Health & Services et al*  Case No. 3:18-cv-00087-JMK
Order Denying Plaintiff's Motion to Supplement Complaint  Page 11

Case 3:18-cv-00087-JMK   Document 376   Filed 11/07/22   Page 11 of 11