IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DEBRA RENA GRACIANI,<br><br>                     Plaintiff,<br><br>      v.<br><br>PROVIDENCE HEALTH & SERVICES,<br>KELLI RINAS, and BRENDA FRANZ,<br><br>                     Defendants. | Case No. 3:18-cv-00087-MJP<br><br>ORDER ON PLAINTIFF'S MOTIONS<br>RELATED TO COSTS AND FEES ON<br>APPEAL (DKT. NOS. 653, 656) |

This matter comes before the Court on a pair of Motions from Plaintiff Debra Rena Graciani. The first is Plaintiff's Motion for Leave to Appeal In Forma Pauperis (Dkt. No. 653). The second is Plaintiff's Motion to Waive Fees and Costs (Dkt. No. 656). Having reviewed the Motions, the relevant record, and all supporting materials, the Court DENIES both Motions.

**A. Motion to Proceed In Forma Pauperis (Dkt. No. 653)**

In her first Motion, Plaintiff—now representing herself as a pro se litigant—seeks to proceed with the appeal of her case in forma pauperis ("IFP") and asks the Court to waive the filing fee required for her appeal. (Dkt. No. 653.) However, her application uses the form provided by the United States District Court for the District of Alaska, which would allow Plaintiff to proceed IFP in her district court proceeding but is insufficient to allow her to proceed IFP in her appeal.

1

To proceed IFP on her appeal, Plaintiff must follow the requirements listed in Federal Rule of Appellate Procedure 24(a)(1):

> a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). The Court notes that Plaintiff has already filed her appeal, and it appears that the Ninth Circuit has already provided Plaintiff with Form 4. (See Graciani v. Providence Health & Services – Oregon, et al., No. 25-4412 at Dkt. No. 7.2.)

Plaintiff must revise her motion to follow the Rules of Appellate Procedure before the Court will consider her request for IFP status upon appeal. To do so, Plaintiff must include a completed Form 4 and a supporting affidavit which follows the requirements listed in Federal Rule of Appellate Procedure 24(a)(1), which are listed above.

Accordingly, the Court DENIES Plaintiff's Motion with leave to file a renewed motion as per the instructions in this order.

B. **Motion for Waiver of Fees and Costs (Dkt. No. 656)**

In her second Motion, Plaintiff seeks the Court to waive the "fees for the notice of appeal and the cost of the transcripts due to [her] financial hardship." (Mot. at 1.) Plaintiff alleges that she is "experiencing considerable [financial] difficulties," and that waiver of the fees and costs associated with her appeal would "significantly assist [her] in progressing with the case." (Id.) At this time, the Court declines to waive the fees and

costs as requested by Plaintiff for a number of independent reasons. First, as discussed above, Plaintiff seeks to proceed IFP on her appeal, but first must resubmit her paperwork to align with the Rules of Appellate Procedure. Should she be granted IFP status, certain fees—including the filing fee—would be waived as per the IFP designation. Second, even if Plaintiff were not simultaneously seeking to proceed IFP, she has not provided the Court with a tabulation of those fees and costs she seeks to waive. Without this tabulation, the Court cannot assess whether those fees and costs are so burdensome as to warrant waiver. Third, Plaintiff has previously submitted financial information to the Court indicating that she maintains hundreds of thousands of dollars in outstanding legal fees related to her case and other related administrative proceedings. She has maintained those efforts for the better part of a decade despite her arguments being disproven and roundly rejected at every turn. The Court notes that while Plaintiff is likely able to present non-frivolous issues for the Ninth Circuit to review on appeal, it views her claims of indigency related to these legal fees in an unfavorable light.

Accordingly, the Court DENIES Plaintiff's Motion to Waive Costs and Fees.

\*     \*     \*

Plaintiff's Motions are DENIED. Plaintiff is instructed to refile her motion for IFP status as per the instructions found in this order.

The clerk is ordered to provide copies of this order to all counsel.

//

//

//

3

Dated August 15, 2025.

                                                     Marsha J. Pechman
                                                     United States Senior District Judge